Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707 *fax*                                    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN RIVERA | : No. |
| Plaintiff, | : |
| v. | : |
| BRAD BYRNE COMPLETE LAWN MAINTENANCE | : **Jury Trial Demanded** |
| and | : |
| BRAD BYRNE | : |
| Defendants | : |

### COMPLAINT

Melvin Rivera (the "Plaintiff"), by and through his counsel, brings this lawsuit against his employers, Brad Byrne Complete Lawn Maintenance (Defendant Lawn) and Brad Byrne (Defendant Byrne) seeking all available relief under the Federal Fair Labor Standards Act, the Pennsylvania Minimum Wage Act of 1968, and the Pennsylvania Wage Payment and Collection Law for the willful failure to compensate the Plaintiff at the rate required by the aforementioned statutes. Defendant Lawn and Defendant Byrne shall be referred to herein, collectively, as the "Defendants." Plaintiff is seeking, *inter alia,* payment for unpaid overtime and other unpaid wages, along with damages, which was retaliatory and arose from his complaints and opposition to the Defendants' unlawful acts and

practices, *i.e.*, failing to pay him overtime compensation for all of the hours that he worked above 40 per week. The following allegations are based on personal experience of the Plaintiff.

## I. JURISDICTION

1. This action is brought pursuant to Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*; and pursuant to 28 U.S.C. §1331.

2. Additionally, this action is brought pursuant to the Pennsylvania Minimum Wage Act ("PMWA") of 1968 as amended, 43 P.S. § 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL") 43 P.S. § 260.1 *et seq.*

3. State law claims are before this Honorable Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

## II. VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the place in which the claims arose, and the place where the Defendants conduct business.

5. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b).

## III. PARTIES

6. Plaintiff is an adult male who currently resides in Philadelphia, Pennsylvania.

7. Upon information and belief, Defendant Byrne is a resident of Pennsylvania.

8. Defendant Lawn is located at 377 School Lane, Plymouth Meeting, Pennsylvania 19462.

9. Defendant Lawn is registered with the Pennsylvania Department of State as a contractor under license number PA042456.

10. Defendant Lawn is a landscaping contractor.

11. Upon information and belief, Defendant Lawn is owned and operated by Defendant Byrne.

12. At all relevant times, Plaintiff was employed as an "employee" of Defendant Lawn within the meaning of the FLSA and PMWA.

13. At all relevant times, Defendant Lawn was the "employer" of the Plaintiff within the meaning of the FLSA and PMWA.

## IV. STATEMENT OF FACTS

14. Plaintiff began his employment with the Defendants on or about March 2015.

15. Plaintiff worked for the Defendants in the capacity of a landscaper.

16. Defendants paid Plaintiff at a rate of $16.00 per hour.

17. Plaintiff worked in excess of forty (40) hours per week.

18. Plaintiff regularly worked between forty (40) and sixty (60) hours per week.

19. On a weekly basis, the Plaintiff received his paycheck from the Defendants.

20. The Defendants failed to pay the Plaintiff at a rate of 1.5 times his hourly rate of $16.00 for each hour worked over forty (40) in a given week.

21. The Plaintiff complained to the Defendants about not being properly paid for the hours that he worked in excess of forty (40) on a weekly basis.

22. Plaintiff inquired into the rate of pay he was receiving, including receiving overtime, to which the Defendants told him that if he did not like it, he could leave.

Case 2:17-cv-05010-JS   Document 1   Filed 11/07/17   Page 4 of 8

## COUNT I

## VIOLATION OF THE FLSA (29 U.S.C. §§ 201 *et seq.*)

23. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

24. "Employee" is defined as "any individual employed by an employer" 29 U.S.C. § 203(e)(1).

25. "Employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee" 29 U.S.C. § 203(d).

26. Defendants engaged in an intentional pattern, policy and practice of violating the FLSA.

27. At all times relevant, Defendants were engaged in commerce and/or the production of goods for commerce within the meaning 29 U.S.C. §§ 206(a) and 207(a).

28. The FLSA requires employers to pay each non-exempt employee covered by the laws no less than the mandated minimum wage of $7.25 per hour and overtime premium pay at time and one-half the regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

29. The overtime wage provision set forth in the FLSA applies to the Defendants and protects the Plaintiff.

30. The Defendants employed the Plaintiff as an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

31. Defendants failed to compensate the Plaintiff for hours worked in excess of 40 hours per week at a rate of one and one-half times his hourly rate.

32. Defendants' violation of the FLSA was willful and intentional.

33. The Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

34. Because the Defendants' violations of the FLSA was willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

35. Plaintiff during all relevant times, the Plaintiff was a covered employee entitled to the above-described FLSA protections.

36. The FLSA's liquidated damage penalty entitles the Plaintiff to double the amount owed in unpaid wages for the Defendants' willful violation of the law.

WHEREFORE, The Plaintiff seeks to recover such unpaid overtime, liquidated damages, prejudgment interest, negative tax consequence damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.* from the Defendants and such other legal and equitable relief from the Defendants as the Court deems just and proper.

## COUNT II

## VIOLATION OF THE PMWA (43 P.S. §§ 333.101 *et seq.*)

37. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

38. The PMWA requires employers to pay each non-exempt employee covered by the laws no less than the mandated minimum wage of $7.25 per hour and the overtime rate for all hours worked in excess of 40 hours in a single workweek.

39. The Defendants engaged in a pattern, policy, and practice of violating the PMWA.

40. At all relevant times, the Plaintiff was a non-exempt, covered employee entitled to be paid overtime compensation by the Defendants for all overtime hours worked

collectively for the Defendants, and entitled to the above-described PMWA protections.

41. At all relevant times, the Defendants had a policy and practice of failing and refusing to pay overtime pay to the Plaintiff for the hours that he worked per week in excess of 40, as required by the PMWA.

42. As a result of the Defendants' failure to pay wages earned and due to the Plaintiff at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in one work week, the Defendants violated the PMWA, including 43 P.S. §§ 333.104(c).

43. Under the WPCL, a corporate officer may be personally liable for the corporation's failure to pay wages. Faden v. DeVitry, 625 A.2d 1236, 2 (Pa. Super. Ct. 1993).

WHEREFORE, Plaintiff seeks to recover unpaid overtime, attorneys' fees, costs, negative tax consequence damages and expenses of this action to be paid by Defendants, as provided by 43 P.S. §§ 333.113, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## COUNT III

### VIOLATION OF THE PWPCL (43 P.S. §§ 260.1, et seq.)

44. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45. The Defendants failed to pay the Plaintiff all wages, including, when applicable, overtime wages, for all hours worked.

46. The Plaintiff, during all relevant times, was a covered employee entitled to the PWPCL protections.

47. By the actions alleged above, the Defendants violated the provisions of the PWPCL, 43 P.S. §§ 260.1, *et seq*.

48. The PWPCL provides for liquidated damages equal to 25% of unpaid wages (in addition to back wages), costs and *mandatory* attorneys' fees, as well as *personal liability for any "agent or officer"* of any violator.

    WHEREFORE, the Plaintiff, seeks to recover unpaid wages, liquidated damages, negative tax consequence damages, together with costs and mandatory attorneys' fees under as provided by WPCL, 43 P.S. §§ 260.9(a) and 260.10, and such other legal and equitable relief from the Defendants as the Court deems just and proper.

## COUNT VI

## UNJUST ENRICHMENT

49. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

50. At all times material to this Compliant, the Defendants by their policies and actions, benefited from, and increased its profits by (1) failing to pay wages earned and due to Plaintiff at the overtime rate for work performed in excess of forty (40) hours in a work week; and (2) failing to accurately record wages earned.

51. The Defendants accepted and received the benefits of the work performed by the Plaintiff without fully compensating him for said work.

52. The Defendants were unjustly enriched at the expense of the Plaintiff.

WHEREFORE, Plaintiff seeks relief for, Defendants' unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts.

Respectfully submitted,

By: _____

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707 *fax*
*Attorney for Plaintiff*
Dated: November 7, 2017

## CERTIFICATE OF SERVICE

I, Franklin J. Rooks Jr., Esq., certify that I served the Plaintiff's Complaint via the Court's ECF system.

By: _____

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707 *fax*
*Attorney for Plaintiff*
Dated: November 7, 2017